### THE STATE *v.* GILMORE & a.

An indictment to recover the fine imposed by the statute of 1850, where the life of a person is lost by carelessness on a railroad, must be against the corporation, and not against the individual stockholders.

The indictment under this statute should show that there is a surviving relative of the deceased, entitled to the fine.

INDICTMENT against five stockholders of the Concord and Claremont Railroad, as proprietors thereof, under the 7th section of the act approved July 13, 1850, entitled "an act in amendment of the laws in relation to railroad corporations."

It was agreed that at the time of the accident set forth in the indictment, the whole number of stockholders in the road was between three and four hundred, of whom the respondents were

five. Gilmore was superintendent of the road, and the other four defendants were directors. Moses E. Gould was a conductor of passenger trains, and Franklin Fuller an engineer in the employment of the road; and they were engaged in running and conducting the train which killed William Coult on the 3d of December, 1850. They had been for some time employed in that business, and were hired by Gilmore as superintendent, and paid out of the funds of the corporation.

At the annual town-meeting in Concord, in 1850, it was voted to require this railroad to construct bridges or erect gates at the crossing where the accident occurred. Notice of this order was served on the clerk of the road, March 23, 1850. On the 19th of April, 1850, the road filed in the office of the clerk of the court of common pleas for Merrimack county, their petition for an examination of this and other crossings, and for the direction of that court in relation thereto. An order of notice, issued on this petition, was served on the town of Concord on the same 19th of April. At the October term, 1850, the petition was referred to the road commissioners, and was pending before them when the accident occurred.

No further negligence is imputed to the respondents in the second count of the indictment then attached to them in common with other stockholders, under the circumstances before stated.

The first count of the indictment alleged that the defendants, on the 3d of December, 1850, were proprietors of the Concord and Claremont Railroad, which was then opened and running from Concord to Bradford; that the engine and cars of the corporation were then running over that road under the direction and control of Moses E. Gould and Franklin Fuller, "who were the servants of the proprietors, as aforesaid;" that Gould and Fuller, being servants as aforesaid, and having the control of the engine and cars, as aforesaid, carelessly drove them along the road against the wagon and person of one William Coult, not being a person in the employment of the road; and carelessly broke and overturned the wagon, and carelessly gave the said Coult one mortal wound, &c., of which he then and there died;

and so the said court, by the carelessness of said Gould and Fuller, who were the servants of the defendants, lost his life, contrary to the form of the statute.

The second count alleged that the defendants were the proprietors of the road, stated the proceedings of the town of Concord in relation to the crossing, and that the said proprietors for a long time suffered the crossing to remain without any gate, and wholly unguarded and insecure; that "the said Concord and Claremont Railroad were possessed of a certain engine and cars, running along and over said intersection of said railroad with said highway," and Coult, not being in the employment of the road, "by the neglect of the said proprietors to erect and maintain gates at the intersection of said railroad with said highway at the place aforesaid, passed along said highway with his horse and wagon to the intersection of said railroad with said highway, at the place aforesaid, at the time said engine and cars were rapidly approaching and were near to the intersection aforesaid, and thereby the engine and cars of the said Concord and Claremont Railroad were negligently driven with great force and violence against the wagon of said Coult," &c.

Neither count had any allegation that Coult left relatives entitled under the statute to the fine.

*Daniel Clark*, for the State.

1. The proprietors of the railroad were the parties to be indicted, not the corporation. The statute so provides. Laws of 1850, ch. 953, § 7.

The language of the section is peculiar. It says, the "proprietor or proprietors," not the *corporation.* In every other section of the statute the expression, in referring to this class of corporations, is the ordinary one of "railroad" or "corporation." But in this section the legislature have used a different word. Why did they do it, if they intended the same thing? If the words "railroad," "corporation," and "proprietors," had been used indiscriminately throughout the statute, the construction of

the respondents might be correct. But such is not the case. The use of the words proprietor or proprietors are found, it is believed, in no other section of the statute.

2. It was not necessary to indict all the proprietors. Those who were indicted were the superintendent and directors. They were engaged in running the road, and in its management; and by the running of the road carelessly, and by the management of the road, the injury occurred. *Kane* v. *The People,* 8 Wendell 203.

3. The case does not find, as the respondents allege in their brief, that Gould and Fuller were the servants of the corporation. They were engaged in running the road, and received their pay from the corporation. Gilmore, one of the respondents, hired them. It is a question of fact, to be settled by the jury, under the direction of the court, whose servants they were. That is a point to be tried.

4. The proprietors might be guilty of negligence in not erecting the gates. It was finally found by the court that they ought to be erected, and they were erected; and if any accident occurred by the negligence of the proprietors in not erecting them, they may be held answerable.

5. It is not necessary to allege that the carelessness was gross. The words of the statute are, by the "gross negligence," or by "the carelessness," not gross carelessness.

If the proprietors, who are not guilty, are included in the indictment, they must be acquitted.

*H. A. Bellows, Fowler* and *Minot,* for the defendants.

The law of June, 1850, chapter 853, § 7, imposes a fine upon *the proprietor* or *proprietors* of any railroad company:

1. For the negligence or carelessness of such proprietor or proprietors.

2. For the unfitness or gross negligence or carelessness of their servants or agents.

The statute is highly penal, and in respect to the liability for

the misconduct of the agent or servants of the corporation, it is a great innovation upon the established system of criminal law.

It goes upon the ground that in case of the loss of life by the misconduct of the servants of a corporation, it should be conclusively presumed that the employer was in fault.

And the question is, upon whom the fine was intended to be imposed.

The object of the statute was to ensure a greater degree of care in running railroad trains ; and it is obvious, we think, that the party intended to be made responsible for the misconduct of their agents and servants, was the party by whom such agents and servants were appointed.

That party is the corporation, for the corporation alone has power over such agents or servants ; a proprietor, as such, having no power except through his vote in the election of its officers.

A different construction would be so repugnant to our notions of justice that the language of the statute must be very explicit to justify it.

But there is no such language. The term, " the proprietors," means *all* the proprietors ; the *company*, or *corporation*.

That the terms were so used, appears from the provision. making them liable for the misconduct of " their servants ;" that is, the servants of the corporation.

This shows that the individual stockholder was not meant, because in no sense could such servants or agents be regarded as *his* servants or agents.

Again : If any individual proprieter is liable to this penalty, it must be upon the ground of individual misconduct, for which he deserves to be punished.

It follows, then, that as each individual member of the company is equally guilty, each is liable to the fine—in this case to the number of three or four hundred.

Because if this indictment can be sustained, the judgment would be no bar to indictments against the other members, nor could these members, in case they satisfied such judgment, have any claim upon the others for contribution.

We contend that the object of the statute is to impose upon the corporation one penalty for such negligence of its servants, which is not to exceed $5000, and this construction is sustained by the provisions of sec. 11 of the same law.

That provides a remedy against the railroad *corporation* for any violation of the act where a remedy is not before given by action on the case, and a fine not exceeding a thousand dollars, and expressly provides that the fine may be recovered by *indictment*.

And the same section contains a similar provision in respect to any officer, agent, or servant of the corporation.

The object of this section was to supply any omission there might be in respect to the remedy; and was doubtless designed to include all the parties subjected to penalties by the act; and these were the corporation, its officers, servants and agents.

That the proprietors are not named, shows they were not understood to be subjected to any penalty.

It expressly recognizes an indictment of the corporation, as among the remedies provided.

Taking the whole together, it is clear, we think, that only one fine was intended to be imposed, and that upon the corporation.

In this respect it accords with the civil action for damages occasioned by the negligence of the servants of the corporation. In such case the liability of the corporation is well settled. Angell & Ames on Corporations, 386.

But the individual members are not liable unless by statute. They are not liable even for the debts of the corporation—much less for its torts.

When the right of action does not by law survive, by the death of the person injured, the remedy at common law is gone.

The intent of this statute is to give the representatives of the persons killed a remedy against the corporation by indictment, one sum of money not exceeding $5000.

If there are in this statute any terms which if construed literally would be inconsistent with these views, they are to give way to the obvious spirit and intent, to be gathered from the

The State *v.* Gilmore.

whole act. *Mendon* v. *Worcestor*, 10 Pick. 235 ; *Commonwealth* v. *Cambridge*, 20 Pick. 267.

Real statutes are to be construed strictly. *Pike* v. *Jenkins*, 12 N. H. Rep. 257.

There the court held that the forfeiture by the selectmen for not furnishing weights and measures, was of one sum of $100 only, and a similar rule of construction was applied in the case of *Clark* v. *Lisbon*, where it was held that but one penalty was incurred by the neglect to furnish guide boards at several road intersections.

The indictment alleges that the train was under the direction of the *servants of the proprietors, as aforesaid.*

The case finds that these persons were the servants of the Concord and Claremont Railroad.

This allegation is material, and the variance fatal, for without it there is no offence.

Again : The allegation is, that the injury was occasioned by the carelessness of the servants ; but we hold that by fair construction of the statute, the carelessness must be gross, and that is not charged. The term gross in the statute applies as well to the *carelessness* as the *negligence*—the two terms being similar in their general import, and it is impossible to suppose that it was intended to qualify the one and not the other.

In construing the statute, the court will not be embarrassed by the grammatical construction of the language, but will look at the general policy of the law, as in *Rogers* v. *Boston, Concord and Montreal Railroad*, decided this term.

The second count goes upon the ground that the corporation was charged with the duty of securing the crossing by gates ; that, though notified, the proprietors neglected it until January, 1851 ; that Coult was passing towards the intersection, and by such neglect of said proprietors came in contact with the engine, and was killed.

At least, according to our view, such may be supposed to be the idea of the person who drew the indictment.

If it be so, it goes on the ground of negligence in the proprietors in not erecting the gates.

The objections taken to the construction under which the first count was framed, apply in full force to the second count.

The duty in this case rested upon the corporation alone, and it is difficult to suppose that the legislature could intend to make individual stockholders liable for the breach of it.

Again: We contend that the law does not apply to this class of cases, but only to cases where the negligence is the proximate cause of the loss of life, such as carelessness in the mode of running the train; and the terms used imply negligence of that character.

But we say there was no neglect or breach of duty. The duty depends on the provisions of the statute, and the indictment goes upon the ground that the vote of the town required the intersection to be secured, and the proprietors neglected it.

The law on this subject is in the Revised Statutes, chap. 142, §§ 3 and 4, and the act of July 10, 1846, chap. 335, §§ 1 and 7.

The case finds an application duly made to the court of common pleas, and a commitment to the road commissioners, before whom it was pending at the time of the accident.

The count is defective in other respects.

It does not allege any notice of the vote of the town to the defendants, but only to the clerk of the corporation.

So the allegation is, that the town voted that the crossing should be secured, but it does not appear that the corporation was required to do it. For aught that appears, it was to be done by the town.

The charge in this count is altogether too vague; it does not appear in what the negligence consists; whether in omitting to erect the gates, or in the running of the train.

PERLEY, J. There are particular grounds of objection to the case of the government, on which we should be obliged to decide for the defendants, without determining the main question raised on the construction of the statute.

The case does not show that Gould and Fuller were the agents or servants of the defendants. The defendants, so far as they acted in the matter, were themselves the agents and servants of the corporation. The agency of Gould and Fuller might be subordinate to that of the defendants; but no relation of master and servant, or of principal and agent, existed between them. No action could be maintained by the defendants against Gould and Fuller for neglect of their duty; nor by Gould and Fuller against the defendants for their wages. If the defendants were removed from their agency, it would not affect the relation of Gould and Fuller to the corporation; they would still remain, as they were before, the agents and servants of the road.

Again: The indictment does not show that the person whose life was lost left widow, child, or other relatives, to take the fine under the statute, which we apprehend to be an essential averment.

But the main question on the construction of the statute is, whether the corporation or the individual stockholders are liable to the indictment. That question has been ably discussed at the bar; and it was thought that it might be important to these parties, and perhaps to the public, that it should be settled at this time. The court have considered it, and have arrived without difficulty at a conclusion which will now be stated.

The indictment is founded upon the seventh section of the act of 1850, entitled " an act in amendment of the laws in relation to railroad corporations." That section is in these terms: " If the life of any person, not in the employment of the corporation, shall be lost by reason of the negligence or carelessness of the proprietor or proprietors of any railroad, or by the unfitness or gross negligence, or the carelessness of their servants or agents in this State, such proprietor or proprietors shall be liable to a fine, not exceeding five thousand dollars nor less than five hundred dollars, to be recovered by indictment, to the use of the executor or administrator of the deceased person, for the benefit of his widow and heirs, or one moiety thereof to go to the widow, and the other to the children of the deceased; but if there

should be no children, the whole shall go to the widow, and if no widow, to his heirs according to the law regulating the distribution of intestate personal estate among heirs."

Was it the intention of the legislature to impose this fine on the railroad corporation, or on the individual stockholders?

The statute introduces a new principle into the legislation of the State upon a subject of great extent and complication; and it was not perhaps to be expected that the meaning of the law should be expressed so plainly as to leave the construction wholly free from difficulty and doubt. There is certainly some ambiguity in the language used, and the duty of the court is to gather, as well as they can, the real intention of the legislature from the whole act.

" The proprietor or proprietors " are by the statute made liable to the fine. This term is not the most clear and unequivocal to express either the aggregate corporation, or the individual members and stockholders. If the legislature meant the corporation, why did they not say so in plain terms; especially as they use the term " corporation " and " railroad " in other parts of the act? On the other hand, the term " proprietors " is not the most appropriate, either in a legal or a popular sense, to express the individual stockholders and members of the corporation. " Stockholders " is the term used generally, in other statutes on this subject, and in this act itself, as in the ninth section, in respect to the payment of dividends. In business and in common discourse, " *stockholders* " and not " *proprietors*," is the phrase employed to signify members of the corporation. A stockholder is not in law a proprietor, or owner of the road. He can bring no action against any third person in his own name for any injury to his rights in the corporation. He may himself sue the corporation, or be sued by them. He does not own anything in the road as partner or tenant in common. He has no seizin or possession of any property, either real or personal, that belongs to the road.

Though the term " proprietors " is not the most appropriate to signify a corporation, yet it has not unfrequently been used in

that sense. It is the legal, statutory, corporate name of many corporations in this State; as "The Proprietors of the Federal Bridge," "The Proprietors of the Fourth N. H. Turnpike." So townships are legally styled the proprietors of the township. The act uses the singular as well as the plural number, and appears to contemplate a single owner of the road. This is undoubtedly somewhat remarkable, if the intention was to charge the corporation. But there is no legal impossibility in one man's owning all the stock in the road, and being the sole member of the corporation; and this phraseology may have been intended to meet such a case.

The term "proprietors," standing by itself, is therefore ambiguous. It might be held to mean the individual stockholders, if such appeared to be the intention of the law; or, without violence to the language, it may be construed to mean the corporation. To give it this construction, it is not necessary to make an interpretation against the express words of the act.

This proceeding is in form an indictment for an offence against the State; but the penalty is a fine only, and that fine goes to the relatives of the deceased. If he left none, no fine can be imposed, because the statute in such case does not provide for the appropriation of any fine. The law in substance provides a method for recovering a sum for the benefit of the surviving relatives of one whose life has been lost by carelessness or negligence, on the ground that the surviving relatives have suffered an injury that ought to receive a pecuniary compensation. In this view of the case, to hold the corporation liable would agree with the general policy of the law, which charges the corporation for all negligence of agents and servants in cases where the party who has received the injury survives to bring his action, and also agrees with the provisions of the eleventh section of the same statute, which makes the corporation in express terms liable by action and indictment for other offences and defaults. Railroads, towns, and other corporations, are by the law of this State liable to indictments on various grounds; and there is nothing in the nature and object of the law that would lead us

to infer that the stockholders, and not the corporation as such, were intended to be charged.

If the corporation is liable, there is no difficulty in fixing on a party that must answer. The negligence may be in the corporation as such: they may have neglected to appropriate money for necessary repairs, &c., and in such case no individual agent or servant, could be fastened on, who was personally chargeable. So the fault may be in some agent or servant, without any actual negligence in the corporate body. In all these cases, if the corporation is the party liable, the remedy is easy. In ordinary cases the corporation actually working the road must be supposed to be able to respond for any fine that may be imposed. The remedy, therefore, if the corporation is held answerable, would be consistent with the general policy of the law, which makes corporations liable civilly for all negligence of their agents and servants; and it would also be simple, easy, and effectual.

In the other view of the case, if the term " proprietor or proprietors," were construed to mean stockholder or stockholders, it could not have been the intention of the legislature to require that all the stockholders of the road should be indicted. That in most cases would be practically impossible. Was it then the intention of the act that any one or any number of the stockholders might be charged simply as such, for any neglect of the corporation, or any negligence or carelessness of any agent of the corporation, without showing any personal default of the defendants, or any personal relation of principal and agent, or of master and servant between the defendants and the person actually guilty of the negligence and carelessness? The first count of the indictment would seem to have been framed in this view of the statute. It simply states the defendants to be proprietors, and that Gould and Fuller were their agents, without showing how they were agents; and the case agreed does not show that Gould and Fuller were agents of the defendants, except as they were agents of the corporation. This construction would lead to consequences so manifestly unreasonable and extravagant that we cannot suppose the legislature to have intended them. A

The State *v.* Gilmore.

person who held a single share, who had never taken the slightest part in the business and management of the road, would be liable to this criminal prosecution, and might be charged on the procurement of those who were actually guilty, and who would be thereby discharged; for it cannot be maintained that there could be more than one penalty for the same offence. If there could be more than one, there might be any indefinite number; and there could be no contribution. No contribution is given by the act, as in the case where individual members are made liable for the debts of the corporation; and no contribution could be enforced on general principles. It appears to be conceded on the part of the State, that this construction cannot be maintained; but that if the individual stockholder is to be charged, it must be on the ground that he is individually and personally guilty, or that his personal agent or servant is guilty.

It is to be observed that if an individual is to be charged, he must be a stockholder. If a conductor, engineer, or other agent, is liable under the statute, he must also be a stockholder; which is rarely the case. It is seldom that a stockholder can be charged with any personal default; he seldom has anything to do personally with the management of the road. It also very rarely happens that an individual stockholder would have any agent or servant concerned in the management of the road. The road would be managed by the agents and servants of the corporation, and not of individual stockholders. The directors are themselves the agents of the road. The directors perhaps appoint a superintendent, and he may hire the operatives on behalf of the road. There is a subordination in these agencies; but they are all equally agents and servants of the corporation, and not of each other. A case may be supposed, where a stockholder might have a contract with the road to perform some service, and might employ hands, who would be *his* servants and agents; but such cases would be extremely unfrequent, and cannot be supposed to have been in the contemplation of the legislature.

If the individual stockholder then is to be charged, you must be able to fix on one who was himself guilty of the negligence,

or whose servant or agent was guilty. This would generally be extremely difficult, and often impossible. The object of the law would be substantially defeated by a construction that required this. The object of the act can be answered effectually only by holding that the intention was to charge the corporation as such; and this we think is the sound and reasonable construction of the statute.